1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  ANYA M. BINSACCA
   Supervising Deputy Attorney General
5  AMBER N. WIPFLER, State Bar No. 238484
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA 94102-7004
7    Telephone: (415) 703-5721
     Fax: (415) 703-5843
8    Email: Amber.Wipfler@doj.ca.gov

9  Attorneys for Respondent Warden B. Curry

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EDWARD KENNEDY,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>BEN CURRY, Warden,<br><br>　　　　　Respondent. | C08-1090 JSW<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge: The Honorable Jeffrey S. White |

EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
JULIE L. GARLAND
Senior Assistant Attorney General
ANYA M. BINSACCA
Supervising Deputy Attorney General
AMBER N. WIPFLER, State Bar No. 238484
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
 Telephone: (415) 703-5721
 Fax: (415) 703-5843
 Email: Amber.Wipfler@doj.ca.gov

Attorneys for Respondent Warden B. Curry

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EDWARD KENNEDY,<br><br>         Petitioner,<br><br> v.<br><br>BEN CURRY, Warden,<br><br>         Respondent. | C08-1090 JSW<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge: The Honorable Jeffrey S. White |

TO PETITIONER EDWARD KENNEDY, IN PRO SE:

PLEASE TAKE NOTICE that Respondent Ben Curry, Warden of the Correctional Training Facility, moves this Court to dismiss the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and Rules 2 and 4 of the Federal Rules Governing Habeas Cases, on the grounds that Kennedy does not have standing to bring this petition and has not sufficiently pled his claim. No hearing is requested. This motion is based on the notice and motion, the supporting memorandum of points and authorities, the petition for writ of habeas corpus, the court records in this action, and other such matters properly before this Court.

Not. of Mot. and Mot. to Dismiss; Mem. of P. & A.             *Kennedy v. Curry*
                       C08-1090 JSW

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Kennedy is an inmate at the Correctional Training Facility, serving an indeterminate life sentence for second degree murder. (Pet. at 2.) Kennedy alleges that the Board of Parole improperly denied him parole at a parole consideration hearing. He further alleges that his parole consideration hearings have been "sham hearings." (Pet. at 6b.) However, Kennedy does not specify which hearing he challenges, and does not include any exhibits that might identify the hearing at issue. Moreover, he fails to state any specific facts to support his claim. Accordingly, Kennedy has not established a prima facie case habeas relief, and the petition should be dismissed.

## ARGUMENT

### KENNEDY DOES NOT ALLEGE SPECIFIC INFORMATION SUFFICIENT FOR ENTITLEMENT TO HABEAS RELIEF.

Kennedy does not allege his claims with sufficient specificity to establish standing or to warrant habeas relief. In order to satisfy the standing requirement of Article III of the Constitution, Kennedy "must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751 (1984). Additionally, Kennedy has the burden of proving his constitutional claims. *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004), *cert. dismissed*, 545 U.S. 1165 (2005). He must do this by alleging specific facts in support of his claims, as conclusory allegations do not state a basis for habeas relief. *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994). A petition that fails to state any facts warranting the relief sought is procedurally incorrect and need not be considered by the court. *Soewapadji v. Wixon*, 157 F.2d 289, 290 (9th Cir. 1946); see also Federal Rules Governing § 2254 Cases, Rule 2(c)(2) (requiring petitioner to state the facts supporting each ground).

Here, Kennedy claims that the Board unconstitutionally denied him parole; however, he provides neither the date of the challenged parole consideration hearing nor any specific details to support his claim. As such, he fails to satisfy his burden of establishing standing or

1  entitlement to habeas relief. It is impossible for Respondent to respond to Kennedy's allegations
2  when he does not indicate what decision he is challenging or the specific way in which the
3  decision violated his right.
4        Kennedy's reference to state court petitions filed for purposes of exhaustion does not
5  satisfy his burden of identifying the challenged hearing. Respondent should not be required to
6  research Kennedy's numerous state court petitions or his entire parole consideration hearing
7  history in order to respond to his claims. *Cf. Baldwin v. Reese*, 541 U.S. 27, 32 (2004) (a federal
8  habeas petitioner does not fairly present his federal claim if the district court must read beyond
9  the petition or brief to determine that he is in fact alleging a federal claim). Moreover, because
10 Kennedy fails to identify which hearing he is challenging, Respondent cannot confirm that the
11 hearing challenged in the referenced state court proceedings is the same hearing challenged in the
12 current petition. Thus, Respondent is unable to determine whether Kennedy has exhausted his
13 state court remedies, whether the petition is timely, or whether the petition is improper under any
14 other procedural bar.
15       Because he neither identifies which parole consideration hearing he challenges nor
16 provides any other specific facts to support his claim, Kennedy's claim is too conclusory to
17 establish standing or entitlement to habeas relief. The petition should be dismissed accordingly.
18 / / /
19 / / /
20 / / /
21
22
23
24
25
26
27
28

## CONCLUSION

Kennedy provides neither the date of the challenged parole consideration hearing nor any specific details to support his claim. As such, his claims are too vague and conclusory to establish standing or entitlement to habeas relief. For this reason, Respondent respectfully requests that the petition be dismissed.

Dated: July 7, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

ANYA M. BINSACCA
Supervising Deputy Attorney General

AMBER N. WIPFLER
Deputy Attorney General

Attorneys for Respondent Warden B. Curry

20119945.wpd
SF2008401620

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Kennedy v. Curry**

No.:   **C08-1090 JSW**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On July 7, 2008, I served the attached

### NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Edward D. Kennedy
D-30780
Correctional Training Facility
P.O. Box 689
Soledad, CA 93960-0689
   *In Pro Per*
   *D-30780*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on July 7, 2008, at San Francisco, California.

|  |  |
|---|---|
| S. Redd | *S. Redd* |
| Declarant | Signature |

20120147.wpd