Edward Kennedy D#30780
CTF-Soledad
P.O.Box 689 /F-304
Soledad, CA 93960

PRO SE. Petitioner

# ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
CALIFORNIA SAN FRANCISCO DIVISION

Edward Kennedy

      Petitioner,

vs.

Ben Curry

      Respondent,

C 08 - 1090 JSW

Petitioner's notice of Motion, and Motion in opposition to Respondent's notice of Motion and Motion to Dismiss; Supporting Memorandum of Points and Authorities.

District Judge:
The Honorable J.S.White

Please take notice that petitioner Edward Kennedy, petitioner in PRO SE. moves this Court to **DENY** respondent's Motion to Dismiss petitioner's Habeas Petition on the grounds that petitioner has followed the rules of this Court in filing his PRO SE petition, and that petitioner has exhausted his State Court remedies, that he has stated sufficient facts which if true would entitle him to relief, and that his Habeas Petition issued by this Court must be read "generously".

1

## MEMORANDUM OF POINTS AND AUTHORITIES
### INTRODUCTION

2

3

4      Petitioner Kennedy, is a Californis State Prisoner being unlawfully

5  held at the Correctional Training Facility - Soledad proceeding PRO SE in

6  the above entitled action. In his Habeas Corpus petition, petitioner alleges

7  numerous violations of his constitutional rights under the 5th and 14th

8  amendments to the United States Constitution. Specially, as was exhausted in

9  the California Supreme Court. Petitioner allege he was denied Federal due

10  process of law and his protected liberty interests, insufficiency of the

11  evidence claims a right to have the charges made by the board to be

12  submitted to a judge or a jury. Biasness, equal protection of the law, and

13  the vagueness challenges. See the Petition to the Supreme Court,    the

14

15      petitioner stated the "operative facts" of his claims and in fact cited

16  case law in support of those facts both in the Petition for Review in the

17  California Supreme Court and in this Court. Petitioner provides to this

18  Court for purposes of showing the court that petitioner has indeed properly

19  exhausted his State Court remedies, and also provides a copy of his parole

20  hearing transcripts which  is also being sent to respondent's along with the

21  along with the California Supreme Court's denial of the Petition for Review.

22  Accordingly the respondents must comply with this courts order as directed

23  in its Order to Show Cause, dated May 7th,2008.

24

25

26

27

28

2.

**Argument**
I

Petitioner alleged facts which if true would entitle him to relief as is clear from the court's issurance of an Order to Show Cause which is well within the court's jurisdiction.

Respondent alleges that petitioner's claims are couched in conclusory allegations without "sufficient plea" facts (see resp. Not. Motion & Motion to Dismiss and Mem. of points & authorities, pg's 1-4) and thereby suggests that this Court has no jurisdiction to issue an order to show cause on claims that on their face clearly appear to have merit. Respondents would like for this court to dispose of petitioner's liberty interest, his due process rights, and other clearly established rights just because he is not versed in pleading Federal Habeas Corpus Petitions. petitioner submits that all that is required is that he legibly state facts which if true would entitle him to relief. None of the cases cited by respondents hold that a PRO Se petitioner has to present all of the facts on a habeas corpus form petition.

In this court order, obviously bore in mind, as is required by U.S. Supreme Court authority and as Ninth Circuit precedent demands that "petitions must be read in context and understand based on the particular words used," **Peterson v. Lambert**, 319 F.3d 1153, 1159 (9th Cir. 2003) (en banc), and that "Pro Se [habeas] petitions are held to a more lenient standard than counsel petitions." **Sanders v. Ryder**, 342 F.3d 991, 999 (9th Cir. 2003) cited in **Davis v. Silva**, 2008 DJDAR 33 at 34 order issued January 2nd, 2008 (9th Cir.) when it issued the order to show cause.

3.

1    Respondent's are obviously confusing subject matter jurisdiction of
2    the court with a failure to state a cognizable or colorable claim which this
3    court has clearly rejected by issuing its order requiring the respondents to
4    answer. Clearly this court has subject matter jurisdiction over petitioner's
5    habeas corpus claims pursuant to 28 U.S.C. § 2254, federal question
6    jurisdiction exist if the complaint (or petition) purports to state a claim
7    under federal law regardless of the validity of the claim. **Wheeldin v.**
8    **Wheeler**, 373 U.S. 647, 83 S.Ct. 1414, 144 10 L.Ed.2d 605 (1963). Only if the
9    stated claim is so wholly insubstantial that even a preliminary review of
10   the merits is not required does the federal court not have jurisdiction,
11   **Bell v. Hood**, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed 939 (1946). It is not a
12   very arguably failed claim that derives the District Court of jurisdiction.
13   Here, petitioner properly invoked §2254 when he used the habeas corpus form
14   issued by this court. (see this court's own habeas corpus forms on file with
15   the clerk). Petitioner's contentions that he was denied due process and
16   other federal constitutional rights in the parole context are not so
17   insubstantial so as to derive this court of jurisdiction to issue an order
18   to show cause on the merits from the face of the claims of the Pro Se
19   petition from wherein petitioner stated the "operative facts" of his claims.
20   Had petitioner not pleaded sufficient facts  for the court to issue an order
21   to show cause, this court would not have done so.

22

23   Petitioner does not have to meet any burden of proof to respondents at
24   this point. But rather to this court. Respondents claim that petitioner
25   provided no documents or evidence. However, as will be seen below, there is
26   no requirement that he present documentary evidence in order to state a
27   colorable claim on the habeas corpus form that petitioner used from this
28   court. Therefore, the petition should be granted, and the order to show

4.

1 | cause must stand.

2

3

4

5

6

7 | **II**

8 | Petitioner has exhausted his state court remedies. The state must
9 | answer the show cause order because petitioner provided the court
with the operative facts of his claims.

10

11 | The board is always suppose to articulate why the petitioner would be

12 | a current unreasonable safety risk if released from prison, § 3041 (A)(B) of

13 | the Penal Code, § 2402 (1)(c). Petitioner submits that he bear his burden of

14 | proof to this court, and not to respondents. It is up to this court to

15 | decide whether or not the petition states a prima facie case and whether or

16 | not the petition appears on its face to have merit. Petitioner, to further

17 | prove that he has in fact "exhausted" his state court remedies has attached

18 | to this opposition motion his petition for review which includes the State

19 | Appellate Court, and further, petitioner exhaustion does not require a

20 | "habeas petitioner... present to the state court every piece of evidence and

21 | wording supporting his federal claims in order to satisfy the exhaustion

22 | requirement." **Chacon v. Wood**, 36 F.3d 1459, 1469 n.9 (9th Cir. 1994). see

23 | **Davis**, supra, at pg.34.

24

25 | Petitioner in fact had exhausted his state court remedies as well as

26 | his federal claims in state court by indicating "the federal law basis for

27 | his claims by citing in conjunction with the claims the federal source of

28 | law which he relies, or a case deciding such a claim on federal grounds, or

5.

1  simply labeling the claim 'federal'" **Davis,** supra, at pg's. 33 & 34 citing
2  **Baldwin v. Reese,** 541 U.S. 27, 32 (2004) ; see also **Insyxiengmny v. Morgan,**
3  403 F.3d 657, 668 (9th Cir.2005) (stating that the petitioner makes the
4  federal basis of his claim **explicit** by either specifying particular
5  provisions of the constitution or statutes, or by citing to federal law).
6  Therefore, petitioner presented to this court as well as the highest state
7  court with all "the facts necessary to state a claim for relief" **Davis,**
8  supra, Id at 34, citing **Gary v. Netherland,** 581 U.S. 152, 162-163 (1996). In
9  **Picard v. Conner,** 404 U.S. 270, 275, The Supreme Court has held that the
10  exhaustion requirement is not satisfied unless the federal claim has been
11  "fairly presented" to the state courts. Here, petitioner has done so (see
12  petition for review and cases therein).

13

14      The board's decision to deny parole was not supported by "some
15  evidence" having an indicia of **reliability.** In **Biggs v. Terhune,** 334 F.3d
16  at 914, a case with situational factors and a prison performance record
17  favoring to petitioner's, the court held that "[b]ecause the California
18  parole scheme [Penal Code § 3041 (b)] vests in every inmate a constitutional
19  protected liberty interest" "protected by the procedural safe guards of the
20  due process clause, some evidence" having an indicia of reliability, must
21  underlie every board decision. The **Biggs'** court then proceeded to
22  establish standards for the California Parole Board to follow when accessing
23  the facts before it during a parole consideration hearing held at 916, 917.
24  "[While] the [California] parole board's sole supporting reliance on the
25  gravity of [a first degree murder] offense [involving the killing of a
26  witness] and conduct prior to imprisonment to justify denial of parole can
27  initially be justified as fulfilling the requirements set forth by state law
28  [o]ver time. However, should [a petitioner] continue to demonstrate

6.

1  exemplary behavior and evidence of rehabilitation. Denying him parole simply
2  because of the nature of [his] offense and prior conduct would raise serious
3  questions involving his liberty interest in parole." Thus, the board always
4  had to articulate why he would be a current unreasonable safety risk if
5  released from prison. That's the "some evidence test."

6

7  The California Supreme Court in it's denial of petitioner's  Petition
8  for Review denied the petition without any citation to any case with the
9  following words "The Petition for Review is denied." The California Supreme
10 Court did not cite any case referring to a procedural defect nor did the
11 court make a ruling on the merits of petitioner's federal claims rejecting
12 those claims, therefore the court must use the "look through rule" and
13 analyze the petition under the standard of § 2254 (d). see **Ylst v.**
14 **Nunnemaker**, 501 U.S. 797, 804, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991).

15

16 In **Harris v. Superior Court**, 500 F.2d 124 (9th Cir. 1974) (en banc),
17 cert. denied 420 U.S. 973, 95 S.Ct. 1354, 43 L.Ed.2d 652 (1975), the Ninth
18 Circuit held : "if the denial of the Habeas Corpus Petition includes a
19 citation of an authority which indicates that the petition was procedurally
20 deficient... then the available state remedies have not been exhausted as
21 the California Supreme Court has not been given the required fair
22 opportunity to correct the constitutional violation." **Id** at 1128. As stated
23 above, The California Supreme Court did not cite to any case denoting a
24 procedural deficiency and its denial of his federal claims requires the
25 court to look through to last reasoned decision that denied the federal
26 claims which was the Los Angeles Supreme Court. However, this must take
27 place after a full briefing of the issues.

28

7.

1    See **Davis v. Silva** cited as 2008 **DJDAR** 33 (9th Cir. 2008), the
2    exhaustion doctrine as codified by the Antiterrorism and Effective Death
3    Penalty Act of 1996 provides that Habeas relief must be denied if the
4    petitioner has not "exhausted the remedies available in the courts of
5    state." 28 U.S.C. § 2254 (b)(1)(A) ; see also **Muhammad v. Close,** 540 U.S.
6    749, 751 (2004) (per curiam) (federal petitions for habeas corpus may be
7    granted only after avenues of relief have been exhausted.") Exhaustion
8    requires that a petitioner fairly present his federal claims to the highest
9    state court available. **Weaver v. Thompson,** 197 F.3d 359, 365 (9th Cir.
10   1999) ; see **O'Sullivan v. Boerckel,** 526 U.S. 838, 844-845 (1999) (section §
11   2254 (c) requires only that state prisoners give state courts a fair
12   opportunity to act on their claims." (emphasis in original). Fair
13   presentation require that the petitioner "describe in the state proceedings
14   both the operative facts and the federal legal theory on which his claim is
15   based so that the state courts have a fair opportunity to apply controlling
16   legal principles to the facts bearing upon his constitutional claim. **Kelly**
17   **v. Small,** 315 F.3d 1063, 1066 (9th Cir, 2003) overruled on other grounds by
18   **Robbins v. Carey,** 481 F.3d 1143, 1149 (9th Cir. 2007) thus "for purposes of
19   exhausting state remedies, a claim for relief in habeas corpus must
20   include reference to a specific federal constitutional guarantee, as well
21   as a statement of facts that entitle the petitioner to relief." **Gray v.**
22   **Netherland,** 518 U.S. 152, 162-163 (1996).

23

24   Rather to exhaust the factual basis of the claim, the petitioner must
25   only provide the state court with the operative facts, that is all of the
26   facts necessary to give application to the constitutional principle upon
27   which [the petitioner] relies." **Daugharty v.Gladden,** 257 F.2d 750, 758 (9th
28   Cir. 1958) ; see also **Randy Hertz & James S. Liebman,** Federal Habeas

1  Practice and Procedure § 23.3c at 1090 (2005) (same). The respondent's
2  Motion to Dismiss for not exhausting his state court remedies regarding his
3  claim that the board failed to articulate why he would be a current
4  unreasonable safety risk if released from prison. The court **denied**
5  respondents motion to dismiss. See Penal Code § 3041 (A)(B) dealing with
6  unreasonable risk to safety if released from prison. In the exhaustion
7  context, the Supreme Court has admonished lower courts that the complete
8  exhaustion requirement is not intended to "trap the unwary Pro Se
9  prisoner." See **Slack v. Mc Danial,** 529 U.S. 473, 487 (2000) more generally,
10 the court has held Pro Se pleadings to a less stringen standard than briefs
11 by counsel and reads Pro Se pleading generously", However, inartfully
12 pleaded." See **Haines v. Kerner,** 404 U.S. 519, 520 (1972) (pre curiam).

13
14
15                          **CONCLUSION**

16     Respondents counsel is either trying to stall due to a heavy case
17 load, or trying to delay justice in this matter. Petitioner should not have
18 to languish in prison forever because of some perceived mistake by the
19 respondents. Petitioner has stated claims for relief in his Habeas Corpus
20 form petition by including references to specific constitutional
21 guarantees, as well as a statement of the facts that **entitle** him to relief.
22 (**Gray,** supra, 515 U.S. at 162-163). Petitioner has in fact established a
23 prima facie showing as is evident by this court's order to show cause and
24 respondents must comply with this order. Petitioner has no other recourse
25 of law save by Federal Petition for Writ of Habeas Corpus for the foregoing
26 reasons the writ should issue, and respondents Motion to Dismiss be denied.

27
28 Date July 21ST, 2008                    Edward Kennedy

                              9.



1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  ANYA M. BINSACCA
   Supervising Deputy Attorney General
5  AMBER N. WIPFLER, State Bar No. 238484
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone:  (415) 703-5721
    Fax:  (415) 703-5843
8   Email:  Amber.Wipfler@doj.ca.gov

9  Attorneys for Respondent Warden B. Curry

10

11              IN THE UNITED STATES DISTRICT COURT

12           FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                    SAN FRANCISCO DIVISION

14

15  **EDWARD KENNEDY,**                    C08-1090 JSW

16                          Petitioner,    **NOTICE OF MOTION AND
                                           MOTION TO DISMISS;**
17              v.                         **MEMORANDUM OF POINTS AND
                                           AUTHORITIES**
18  **BEN CURRY, Warden,**
                                           Judge:  The Honorable Jeffrey S. White
19                          Respondent.

20

21

22

23

24

25

26

27

28

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  ANYA M. BINSACCA
   Supervising Deputy Attorney General
5  AMBER N. WIPFLER, State Bar No. 238484
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone: (415) 703-5721
    Fax: (415) 703-5843
8   Email: Amber.Wipfler@doj.ca.gov

9  Attorneys for Respondent Warden B. Curry

10

11              IN THE UNITED STATES DISTRICT COURT

12            FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                   SAN FRANCISCO DIVISION

14

15  **EDWARD KENNEDY,**                    C08-1090 JSW

16                        Petitioner,      **NOTICE OF MOTION AND
                                           MOTION TO DISMISS;
17         v.                              MEMORANDUM OF POINTS AND
                                           AUTHORITIES**

18  **BEN CURRY, Warden,**                 Judge: The Honorable Jeffrey S. White

19                        Respondent.

20

21      TO PETITIONER EDWARD KENNEDY, IN PRO SE:

22      PLEASE TAKE NOTICE that Respondent Ben Curry, Warden of the Correctional

    Training Facility, moves this Court to dismiss the petition for writ of habeas corpus pursuant to
23
    28 U.S.C. § 2254 and Rules 2 and 4 of the Federal Rules Governing Habeas Cases, on the
24
    grounds that Kennedy does not have standing to bring this petition and has not sufficiently pled
25
    his claim. No hearing is requested. This motion is based on the notice and motion, the
26
    supporting memorandum of points and authorities, the petition for writ of habeas corpus, the
27
    court records in this action, and other such matters properly before this Court.
28

Not. of Mot. and Mot. to Dismiss; Mem. of P. & A.                        *Kennedy v. Curry*
                                                                          C08-1090 JSW

                                     1

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**INTRODUCTION**

3        Kennedy is an inmate at the Correctional Training Facility, serving an indeterminate life

4   sentence for second degree murder. (Pet. at 2.) Kennedy alleges that the Board of Parole

5   improperly denied him parole at a parole consideration hearing. He further alleges that his parole

6   consideration hearings have been "sham hearings." (Pet. at 6b.) However, Kennedy does not

7   specify which hearing he challenges, and does not include any exhibits that might identify the

8   hearing at issue. Moreover, he fails to state any specific facts to support his claim. Accordingly,

9   Kennedy has not established a prima facie case habeas relief, and the petition should be

10   dismissed.

11

**ARGUMENT**

12

**KENNEDY DOES NOT ALLEGE SPECIFIC INFORMATION
SUFFICIENT FOR ENTITLEMENT TO HABEAS RELIEF.**

13

14        Kennedy does not allege his claims with sufficient specificity to establish standing or to

15   warrant habeas relief. In order to satisfy the standing requirement of Article III of the

16   Constitution, Kennedy "must allege personal injury fairly traceable to the defendant's allegedly

17   unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S.

18   737, 751 (1984). Additionally, Kennedy has the burden of proving his constitutional claims.

19   *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004), *cert. dismissed*, 545 U.S. 1165 (2005).

20   He must do this by alleging specific facts in support of his claims, as conclusory allegations do

21   not state a basis for habeas relief. *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994). A petition that

22   fails to state any facts warranting the relief sought is procedurally incorrect and need not be

23   considered by the court. *Soewapadji v. Wixon*, 157 F.2d 289, 290 (9th Cir. 1946); see also

24   Federal Rules Governing § 2254 Cases, Rule 2(c)(2) (requiring petitioner to state the facts

25   supporting each ground).

26        Here, Kennedy claims that the Board unconstitutionally denied him parole; however, he

27   provides neither the date of the challenged parole consideration hearing nor any specific details

28   to support his claim. As such, he fails to satisfy his burden of establishing standing or

Not. of Mot. and Mot. to Dismiss; Mem. of P. & A.                                                    *Kennedy v. Curry*
C08-1090 JSW

2

1    entitlement to habeas relief. It is impossible for Respondent to respond to Kennedy's allegations

2    when he does not indicate what decision he is challenging or the specific way in which the

3    decision violated his right.

4          Kennedy's reference to state court petitions filed for purposes of exhaustion does not

5    satisfy his burden of identifying the challenged hearing. Respondent should not be required to

6    research Kennedy's numerous state court petitions or his entire parole consideration hearing

7    history in order to respond to his claims. *Cf. Baldwin v. Reese*, 541 U.S. 27, 32 (2004) (a federal

8    habeas petitioner does not fairly present his federal claim if the district court must read beyond

9    the petition or brief to determine that he is in fact alleging a federal claim). Moreover, because

10    Kennedy fails to identify which hearing he is challenging, Respondent cannot confirm that the

11    hearing challenged in the referenced state court proceedings is the same hearing challenged in the

12    current petition. Thus, Respondent is unable to determine whether Kennedy has exhausted his

13    state court remedies, whether the petition is timely, or whether the petition is improper under any

14    other procedural bar.

15          Because he neither identifies which parole consideration hearing he challenges nor

16    provides any other specific facts to support his claim, Kennedy's claim is too conclusory to

17    establish standing or entitlement to habeas relief. The petition should be dismissed accordingly.

18    / / /

19    / / /

20    / / /

21

22

23

24

25

26

27

28

Not. of Mot. and Mot. to Dismiss; Mem. of P. & A.                      *Kennedy v. Curry*
C08-1090 JSW

1

## CONCLUSION

2      Kennedy provides neither the date of the challenged parole consideration hearing nor any

3 specific details to support his claim. As such, his claims are too vague and conclusory to

4 establish standing or entitlement to habeas relief. For this reason, Respondent respectfully

5 requests that the petition be dismissed.

6      Dated: July 7, 2008

7                                  Respectfully submitted,

8                                  EDMUND G. BROWN JR.
                                 Attorney General of the State of California

9                                  DANE R. GILLETTE
                                 Chief Assistant Attorney General

10                                  JULIE L. GARLAND

11                                  Senior Assistant Attorney General

12                                  ANYA M. BINSACCA
                                 Supervising Deputy Attorney General

13

14

15                                  AMBER N. WIPFLER
                                 Deputy Attorney General

16                                  Attorneys for Respondent Warden B. Curry

17 20119945.wpd
    SF2008401620

18

19

20

21

22

23

24

25

26

27

28

Not. of Mot. and Mot. to Dismiss; Mem. of P. &.A.                         *Kennedy v. Curry*
                                                      C08-1090 JSW

# EXHIBIT





1
2
3
4
5
6
7          IN THE UNITED STATES DISTRICT COURT
8          FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
10   EDWARD KENNEDY,                    )   No. C 08-1090 JSW (PR)
                                        )
11              Petitioner,             )
                                        )   **ORDER TO SHOW CAUSE**
12        vs.                           )
                                        )
13   BEN CURRY, Warden,                 )
                                        )
14              Respondent.             )
                                        )
15   _____ )
16
17                              **INTRODUCTION**
18        Petitioner, a prisoner of the State of California, currently incarcerated at
19   Correctional Training Facility in Soledad, California, has filed a habeas corpus petition
20   pursuant to 28 U.S.C. § 2254 challenging the decision by the California Board of Parole
21   Hearings ("Board") to deny Petitioner parole. Petitioner's application for leave to
22   proceed in forma pauperis is GRANTED.[1] This order directs Respondent to show cause
23   why the petition should not be granted.
24                              **BACKGROUND**
25        According to the petition, Petitioner was convicted of second degree murder in Los
26   Angeles County Superior Court and, in 1986, the trial court sentenced him to a term of 15
27
28        [1]The application to proceed in forma pauperis is attached to the original petition, which
     was filed in the Central District of California before this case was transferred to this Court.

# EXHIBIT



Court of Appeal, Second Appellate District, Div. 7 - No. B200866
**S155469**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re EDWARD KENNEDY on Habeas Corpus

The petition for review is denied.

SUPREME COURT
**FILED**

OCT **3 1** 2007

Frederick K. Ohlrich Clerk

Deputy

GEORGE

Chief Justice

# EXHIBIT



IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

|  |  |
|---|---|
| In re | B199658 |
|  | (Super. Ct. No. A031686) |
| EDWARD KENNEDY |  |
| on Habeas Corpus. |  |
|  | <u>ORDER</u> |

THE COURT*:

     The court has read and considered the petition for writ of habeas corpus filed herein June 11, 2007, wherein petitioner Kennedy challenges the decision made March 16, 2006 by the Board of Parole Hearings finding him unsuitable for parole. Because the record provided by petitioner indicated parole was denied with a subsequent parole consideration hearing to be conducted within one year, this court requested the Attorney General to advise whether a subsequent hearing has been conducted, and if so what was the result. By letter filed June 25, 2007,

 

*JOHNSON, Acting P.J.,      WOODS, J.,      ZELON, J.

the Attorney General has advised that a subsequent parole consideration hearing
was conducted March 1, 2007 and petitioner Kennedy was found unsuitable for
parole. The petition is denied, without prejudice to the filing by Kennedy directly
in this court of a petition challenging the Board of Parole Hearings' March 1, 2007
decision finding him unsuitable for parole.

# EXHIBIT



## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

COURT OF APPEAL - SECOND DIST.
𝔽 𝕀 𝕃 𝔼 𝔻

JUN 1 3 2007

**JOSEPH A. LANE**      Clerk

In re

B199658

**E. McCLINTOCK**    Deputy Clerk

(Super. Ct. No. A031686)

EDWARD KENNEDY

on Habeas Corpus.

ORDER

THE COURT*:

The court has read and considered the petition for writ of habeas corpus filed herein June 11, 2007, wherein petitioner Kennedy challenges the decision made March 16, 2006 by the Board of Parole Hearings finding him unsuitable for parole. The record provided by petitioner indicates parole was denied with a subsequent parole consideration hearing to be conducted within one year. The Attorney General is requested to inform this court whether a subsequent hearing has been conducted, and if so what was the result.

*PERLUSS, P.J.,                    WOODS, J.,                    ZELON, J.

# EXHIBIT



IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

**COURT OF APPEAL · SECOND DIST.**
**F I L E D**

AUG – 2 2007

JOSEPH A. LANE                    Clerk
                              Deputy Clerk

In re

B200866

(Super. Ct. No. A031686)

EDWARD KENNEDY

on Habeas Corpus.

ORDER

THE COURT*:

The court has read and considered the petition for writ of habeas corpus
filed herein July 31, 2007. The petition is denied.

*JOHNSON, Acting P.J.,

ZELON, J.

# EXHIBIT



TRI FACILITY OUTGOING CONFIDENTIAL AND LEGAL MAIL          7/11/2008

| CDC # | SENDER | TREY | CITY/ST | HOUSING | DATE | TYPE |
|-------|--------|------|---------|---------|------|------|
| D30780 | KENNEDY | 2ND APPELLATE DIST. | LA, CA | FW-304L | 2/7/2005 | L |
| D30780 | KENNEDY | SUPREME CRT OF CA | LA, CA | FW 304L | 3/3/2005 | L |
| D30780 | KENNEDY | SUPERIOR CRT LONG BEACH CLE | LONG BEACH, CA | FW304 | 8/22/2005 | L |
| D30780 | KENNEDY | LA CITY ATT OFF | SAN PEDRO CA | F-304 | 1/17/2006 | |
| D30780 | KENNEDY | LONG BEACH SUP CRT | LONG BEACH CA | F-304 | 1/17/2006 | |
| D30780 | KENNEDY | OFF OF THE DIST ATT | LA CA | F-304 | 1/23/2006 | |
| D30780 | KENNEDY | ATT GEN | LA CA | F-304 | 2/3/2006 | L |
| D30780 | KENNEDY | NRTH DIST CRT | SAN FRAN CA | F-304 | 2/3/2006 | L |
| D30780 | KENNEDY | ATT GEN | LA CA | F-304 | 8/8/2006 | L |
| D30780 | KENNEDY | SUP CRT | LONG BEACH CA | F-304 | 8/8/2006 | L |
| D30780 | KENNEDY | U.S. DIST CRT | S.F., CA | FW304L | 10/11/2006 | L |
| D30780 | KENNEDY | ATRNY GEN | S.F., CA | FW304 | 10/11/2006 | |
| D30780 | KENNEDY | DIST CRT | S.F., CA | FW304 | 10/13/2006 | L |
| D30780 | KENNEDY | US DIST CRT | SAN FRAN CA | F-304 | 11/8/2006 | L |
| D30780 | KENNEDY | ATT GEN | SAN FRAN CA | F-304 | 11/8/2006 | L |
| D30780 | KENNEDY | COURT OF APPEALS | LA, CA | F304 | 6/8/2007 | |
| D30780 | KENNEDY | COURT OF APPEALS | LA, CA | FW-304 | 7/26/2007 | |
| D30780 | KENNEDY | SUPREME COURT | SF, CA | FW-304 | 8/14/2007 | |
| D30780 | KENNEDY | CLRK OF THE CRT | SF, CA | FW304 | 9/27/2007 | |
| D30780 | KENNEDY | SUPREME COURT | SF, CA | FW304 | 10/18/2007 | |
| D30780 | KENNEDY | CLERK OF THE US DIST COURT | LA, CA | F304 | 12/14/2007 | |
| D30780 | KENNEDY | US DIST COURT, CENTRAL DIST OF | LA, CA | FW304 | 1/11/2008 | |
| D30780 | KENNEDY | LONG BEACH SUPERIOR COURT | LONG BEACH,CA | F304 | 2/4/2008 | |
| D30780 | KENNEDY | LA SUPERIOR COURT | LA,CA | FW304 | 4/2/2008 | |
| D30780 | KENNEDY | US DIST COURT | LA,CA | FW304 | 5/2/2008 | |

YOUR HONOR, THIS IS A READ-OUT OF MY OUT-GOING
LEGAL MAIL SINCE FEBRUARY 7, 2005.
I HAVE HIGHLIGHTED THE PERTINENT DATES AND
DESTINATIONS THE RESPONDENTS ( BY WAY OF THE
NOTICE OF MOTION AND MOTION TO DISMISS ;
MEMORANDUM OF POINTS AND AUTHORITIES , SHOWN
AS · EXHIBIT "A" ) ALLEGED DID NOT OCCUR .
PLEASE TAKE NOTICE
                    THANK YOU

### PROOF OF SERVICE BY MAIL
#### BY PERSON IN STATE CUSTODY
(C.C.P. §§ 1013(A), 2015,5)

I, _____Edward Kennedy_____, declare:

I am over 18 years of age and I am party to this action.  I am a
resident of CORRECTIONAL TRAINING FACILITY prison, in the County
of Monterrey, State of California.  My prison address is:

Edward Kennedy_____, CDCR #: _D#30780_____
CORRECTIONAL TRAINING FACILITY
P.O. BOX 689, CELL #: F-304
SOLEDAD, CA  93960-0689.

On _July 21st, 2008_____, I served the attached:

Notice of Motion, and Motion in Opposition to respondent's notice of Motion
and Motion to Dismiss;

on the parties herein by placing true and correct copies
thereof, enclosed in a sealed envelope (verified by prison
staff), with postage thereon fully paid, in the United States
Mail in a deposit box so provided at the above-named institution
in which I am presently confined.  The envelope was addressed as
follows:

United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Office of the Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-3664

I declare under penalty of perjury under the laws of the
State of California that the foregoing is true and correct.
Executed on _____July 21, 2008_____.

Edward Kennedy
_____
Declarant