1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | DANE R. GILLETTE
Chief Assistant Attorney General
3 | JULIE L. GARLAND
Senior Assistant Attorney General
4 | ANYA M. BINSACCA
Supervising Deputy Attorney General
5 | AMBER N. WIPFLER, State Bar No. 238484
Deputy Attorney General
6 |   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7 |   Telephone:  (415) 703-5721
    Fax:  (415) 703-5843
8 |   Email:  Amber.Wipfler@doj.ca.gov

9 | Attorneys for Respondent Warden B. Curry

10 |              IN THE UNITED STATES DISTRICT COURT

11 |            FOR THE NORTHERN DISTRICT OF CALIFORNIA

12 |                    SAN FRANCISCO DIVISION

13 |

| EDWARD KENNEDY, | C08-1090 JSW |
| Petitioner, | **REPLY TO OPPOSITION TO MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES** |
| v. | |
| BEN CURRY, Warden, | Judge: The Honorable Jeffrey S. White |
| Respondent. | |

**INTRODUCTION**

Petitioner Edward Kennedy is a California state inmate at the Correctional Training Facility, proceeding pro se in this habeas corpus action. Kennedy, who is currently serving an indeterminate life sentence for second degree murder, alleged that the Board of Parole Hearings violated due process in denying him parole. However, in both his initial petition and his opposition to Respondent Warden Ben Curry's motion to dismiss, Kennedy fails to specify which parole hearing he is challenging. He similarly fails to provide any specific facts to support the claims made in his petition. Accordingly, Respondent respectfully requests that the petition be dismissed pursuant to 28 U.S.C. § 2254 and Rules 2 and 4 of the Federal Rules Governing Habeas Cases, on the grounds

Reply to Opp. to MTD; Mem. of P. & A.                          *Kennedy v. Curry*, C08-1090 JSW

1  that Kennedy does not have standing to bring this petition and has not sufficiently pled his claim.

2

3  ## MEMORANDUM OF POINTS AND AUTHORITIES

4  ### ARGUMENT

5  ### KENNEDY'S ALLEGATIONS ARE CONCLUSORY AND NOT SUPPORTED BY A STATEMENT OF SPECIFIC FACTS.

6

7  Rule 2 of the Rules Governing Habeas Corpus Cases establishes the pleading

8  requirements for a federal habeas corpus petition. Subsection (c) requires a petitioner to "state the

9  facts supporting each ground" for relief, as "conclusory allegations which are not supported by a

10  statement of specific facts do not warrant habeas relief." *James v. Borg*, 24 F.3d 20, 26 (9th Cir.

11  1994). Summary dismissal is appropriate where the allegations in the petition are vague or

12  conclusory. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990); *see also Wacht v.*

13  *Cardwell*, 604 F.2d 1245, 1247 (9th Cir. 1979) ("Notice pleading is not sufficient, for the

14  petition is expected to state facts that point to a real possibility of constitutional error").

15  Here, rather than simply remedy the defect in his pleading and inform this Court which

16  parole hearing he challenges in his habeas petition, Kennedy instead argues that his lack of legal

17  sophistication excuses him from the requirement that he state facts to support his claim for

18  habeas relief. To support this argument, he cites *Davis v. Silva*, which noted that in the context

19  of presenting a federal claim for purposes of exhaustion, the Ninth Circuit "has held pro se

20  pleadings to a less stringent standard than briefs by counsel and reads pro se pleadings

21  generously, 'however inartfully pleaded.'" 511 F.3d 1005, 1009 (9th Cir. 2008), *citing Haines v.*

22  *Kerner*, 404 U.S. 519, 520 (1972). However, the *Davis* court's holding did not hold that pro se

23  litigants are exempt from basic pleading requirements. On the contrary, the *Davis* court found

24  that the petitioner had properly exhausted his claims because he had provided "all the facts

25  necessary to state a claim for relief." *Davis,* 511 F.3d at 1011 (citations omitted).

26  Moreover, the Ninth Circuit has held that a pro se habeas petitioner's lack of legal

27  knowledge is not a sufficient defense for failure to meet procedural requirements. For example,

28  in *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006), the Ninth Circuit recognized that a

1 | pro se petitioner's "lack of legal sophistication" is not a defense to filing a petition beyond the

2 | one-year statute of limitations. The same logic applies here, as Kennedy's alleged lack of legal

3 | knowledge should not excuse him from meeting the basic requirement of stating the facts upon

4 | which relief may be granted.

5 | Kennedy claims that his hearings before the Board have been "sham hearings," and that

6 | the Board improperly denied him parole. (Pet. at 6b.) However, he gives no indication as to

7 | what parole hearing he is challenging, nor does he provide any specific facts from which

8 | Respondent could determine what hearing is at issue. As such, his petition should be dismissed

9 | for failure to sufficiently state a claim upon which relief may be granted.

10 | **CONCLUSION**

11 | Lack of legal sophistication does not excuse Kennedy from the most basic of pleading

12 | requirements—that is, stating sufficient facts to support his claim. As such, the petition for writ

13 | of habeas corpus should be dismissed for failure to sufficiently plead a claim.

14 | Dated: August 13, 2008

15 | Respectfully submitted,

16 | EDMUND G. BROWN JR.
Attorney General of the State of California

17 | DANE R. GILLETTE
Chief Assistant Attorney General

18 | JULIE L. GARLAND
Senior Assistant Attorney General

19 | ANYA M. BINSACCA
Supervising Deputy Attorney General

20 |

21 |

22 |

23 | AMBER N. WIPFLER
Deputy Attorney General

24 | Attorneys for Respondent Warden B. Curry

25 | 20129642.wpd
SF2008401620

26 |

27 |

28 |

Reply to Opp. to MTD; Mem. of P. & A.                                    *Kennedy v. Curry*, C08-1090 JSW

3

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **Kennedy v. Curry**

No.:             **C08-1090 JSW**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>August 13, 2008</u>, I served the attached

### REPLY TO OPPOSITION TO MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Edward D. Kennedy
D-30780
Correctional Training Facility
P.O. Box 689
Soledad, CA 93960-0689
     *In Pro Per*
     *D-30780*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on August 13, 2008, at San Francisco, California.

_____          _____
               S. Redd                                                Signature
             Declarant

20131689.wpd